**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 25-10977

Non-Argument Calendar

————————————

SHAUN PATRICK STEWART,

*Plaintiff-Appellant,*

*versus*

STATE OF FLORIDA,

Individual and Official Capacity,

ANDREW SIGLER,

Individual and Official Capacity as Public Defender,

DANIEL SNOW,

Individual and Official Capacity as Public Defender,

SARASOTA COUNTY PUBLIC DEFENDER,

Individual and Official Capacity,

ORANGE COUNTY PUBLIC DEFENDER,

Individual and Official Capacity,

*Defendants-Appellees.*

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 5:24-cv-00492-KKM-PRL

_____

Before JILL PRYOR, LAGOA, and ABUDU, Circuit Judges.

PER CURIAM:

Shaun Stewart, proceeding pro se, filed a notice of appeal deemed filed, under the prison mailbox rule, on March 18, 2025. *See Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014) (explaining that a pro se prisoner's notice of appeal is deemed filed on the date he delivers it to prison authorities for mailing).

A jurisdictional question ("JQ") asked the parties to address which orders the notice of appeal sought to appeal from and whether the notice of appeal was timely as to those orders.

Upon review of the record and Stewart's response to the JQ, we conclude that Stewart sought to appeal the district court's October 22, 2024 order dismissing his complaint and the associated October 23 judgment, its October 28, 2024 order denying his motion for leave to proceed in forma pauperis ("IFP"), and its December 3, 2024 order denying his motion for reconsideration.

Stewart's notice of appeal is untimely as to the judgment and post-judgment orders he seeks to appeal. Because Stewart's first and second motions for reconsideration tolled the time to appeal the district court's judgment and its December 3 order, he had 30 days from entry of the orders denying those motions, or until

25-10977                 Opinion of the Court                 3

January 2, 2025 and January 16, 2025, respectively, to appeal the judgment and the December 3 order. *See* Fed. R. App. P. 4(a)(4)(A); Fed. R. Civ. P. 59(e). And Stewart had until November 27, 2024 to appeal the October 28 order. *See* 28 U.S.C. § 2107(a); Fed. R. App. P. 4(a)(1)(A). His notice of appeal, filed on March 18, 2025, is thus untimely and cannot invoke our appellate jurisdiction. *See Green v. Drug Enf't Admin.*, 606 F.3d 1296, 1300 (11th Cir. 2010).

Accordingly, this appeal is DISMISSED for lack of jurisdiction. All pending motions are DENIED as moot.